UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRUSTEES OF THE PAINTERS UNION
DEPOSIT FUND,

                    Plaintiff,                  Case number 03-73716
                                                  Honorable Julian Abele Cook, Jr.

v.

HARRISON CONSTRUCTION COMPANY AND
KEITH PENNER

                    Defendants.

_____

ORDER

In this lawsuit, the Plaintiffs, Trustees of the Painters Union Deposit Fund ("Trustees"),

claimed that the Defendants, Harrison Construction Company ("Harrison") and Keith Penner[1]

had failed to satisfy their contractual obligations to make fringe benefit contributions and pay

liquidated damages according to the terms of their Collective Bargaining Agreement with the

Painters District Council No. 22 of the International Brotherhood of Painters and Allied Trades,

AFL-CIO.

At the conclusion of a bench trial, the Court rendered a judgment against Penner and

awarded the sum of $32,891.94 in favor of the Trustees.  Now before the Court is a motion by

Penner, who seeks to obtain a ruling that would amend its findings of fact and conclusions of

law[2] or, as an alternative, set aside the judgment and order a new trial.

_____

[1]Penner served as the vice president and treasurer of Harrison from 1989 until his
discharge in September 2003.

[2]The Court issued the Judgment, including its findings of fact and conclusions of law, on
September 7, 2005.

For the reasons that are stated below, Penner's motion will be denied.

## I.

According to the Federal Rules of Civil Procedure, "[o]n a party's motion filed no later than 10 days after entry of judgment, the court may amend its findings – or make additional finding – and may amend the judgment accordingly." Fed. R. Civ. 52(b). Similarly, Federal Rule of Civil Procedure 59(a) provides, "A new trial may be granted to all or any of the parties and on all or part of the issues . . . (2) in an action tried without a jury, for any of the reasons for which rehearings have heretofore been granted in suits in equity in the courts of the United States." The standards for both Rules are similar. Under Rule 52(b), the moving party has the burden of showing that "a manifest error in the court's findings of fact or conclusions of law" has been made. 9 *Moore's Federal Practice* § 52.60[4][a]. "However, the court is not required to amend the findings if errors alleged would not in any way affect the outcome of the case." *Id.* Similarly, under Rule 59(a), "[a]lthough addressed to the broad discretion of the trial court, a motion for new trial in a non jury case should be based on a manifest mistake of fact or error of law; the court should find substantial reasons before setting aside a judgment." 12 *Moore's Federal Practice* § 59.13[3][b]; *Hager v. Paul Revere Life Ins. Co.*, 489 F. Supp. 317, 321 (D. Tenn. 1977), *aff'd without op.*, 615 F.2d 1360 (6th Cir. 1980). "Motions made under [Rules 52 and 59] are not intended to be utilized to relitigate old matters nor to allow a party to present his case under a new theory; these motions are designed to correct manifest errors of fact or law or vehicles to present newly discovered evidence." *Milwee v. Peachtree Cypress Inv. Co.*, 510 F. Supp. 284, 290 (D. Tenn. 1978), *aff'd without op.*, 644 F. 2d. 885 (6th Cir. 1981).

## II.

2

In support of his motion, Penner, in his challenge to the legal sufficiency of the Judgment, contends that the Court committed three errors:

Foremost, Penner submits that the Court incorrectly found that the parties "agreed as to the amount of unpaid fringe benefits due and owing[,]" which has "resulted in a calculation of damages based upon a manifest mistake in fact." Def.'s Br. Supp. Mot., at 2-3. In asserting this claim, he points to footnote 8 in the Judgment which states "[t]he parties have agreed that the total amount of benefit contributions that are allegedly due and owing to the Trustees is $45,683.25." Penner disputes this sentence, contending that he "at no time agreed as to the accuracy of the figure claimed by [the Trustees]." *Id.* at 4. Penner has misinterpreted footnote 8. Footnote 8 simply states that the parties agreed to the amount of money that the Trustees claimed to be due and owing under the collective bargaining agreement. This passage neither suggests nor implies that the parties agreed upon the accuracy of the $45,683.25 figure. Moreover, even if Penner's position was correct, this finding of fact would not have been necessary to the determination of the amount of damages by the Court.

Next, the Penner asserts that the finding by the Court with respect to his liability for the unpaid benefit contributions that accrued in May 2003 through July 2003 is erroneous. He argues that "the provisions of the collective bargaining agreement dealing with fringe benefits provisions contain separate language expressly providing for termination of those payments on May 31, 2003." *Id.* at 9. The Court disagrees. Article XXIII, Section 1 of the Collective Bargaining Agreement provides:

> The terms of this Agreement shall be from June 1, 1998 through May 31, 2003 and from year to year thereafter unless either party desires a change, in which case it is to notify the opposite party in writing at least sixty (60) days prior to May 31, 2003 or sixty (60) days prior to the anniversary date of any extension thereof.

3

Contrary to Penner's announced position on this issue, Article XXIII, Section 1 does not make any distinction which would suggest that its applicability does not apply to the fringe benefits provision within the parties' Collective Bargaining Agreement.

Finally, Penner submits that, notwithstanding the conclusion by the Court, "[he] is not contractually obligated to guarantee payment of liquidated damages." Def.'s Br. Supp. Mot., at 10. To support his contention, Penner writes:

> [He] did not assume any and all obligations of the employer under the Collective Bargaining Agreement, but agreed only to guaranty "wages and all other payments." Although not expressly defined in the Collective Bargaining Agreement, a clear reading supports only one conclusion: that "payments" are the wages required by Article III, sections 1 and 2, and the fringe benefits required by Article III, section 3 and 4, and Article XVIII, section 1 . . . .
> The liquidated damages sought by Plaintiff are expressly defined by the Collective Bargaining Agreement as "damages" resulting from a defaulting employer's failure to make contractually required payments . . . and, therefore, are an obligation different from "wages and all other payments."

The Court is not persuaded by Penner's interpretation of the Collective Bargaining Agreement. His contention appears to be founded on mere semantics. Contrary to Penner's argument relating to this issue, "liquidated damages" represent a form of a payment. Hence, the phrase "all other payments" clearly encompasses "liquidated damages." Viewing the Collective Bargaining Agreement in its entirety, it is clear that the Penner is liable for liquidated damages as well as fringe benefits. In its findings, the Court held:

> Article XVIII, section 3 of the collective bargaining agreement provides for liquidated damages to be assessed upon the failure of an employer to make timely benefit payments. Since the language of the personal guaranty are equally clear and unambiguous, the terms and conditions must be enforced by the Court as written. Therefore, the liability that is imposed on Penner as a result of the personal guaranty also extends to liquidated damages. Thus, the Court answers the first question by declaring that Penner is liable to the Trustees.

In seeking a modification of the Judgment of September 7th, Penner has failed to proffer any "newly

4

discovered" or other sufficient evidence which would tend to support his interpretation of the phrase, "all other payments." Therefore, the Court reaffirms its findings and, in so doing, rejects his objection.

Finally, the Trustees, in their opposition papers to the instant motion, have expressed a conclusory view that this Court may have made an accounting error when determining the total amount of Penner's indebtedness. They submit that the amount of Penner's debt, when corrected, should be $32,271.26. Inasmuch as this figure constitutes a $620.68 reduction from total amount of liability, as set forth in the original Judgment, the Court will make an appropriate modification in the official documents.

Therefore, and for the reasons stated above, the Court concludes that Penner has not established any "manifest error" which would warrant the commencement of a new trial or an amendment to the Judgment of September 7, 2005. Therefore and for the reasons that have been set forth above, Penner's motion must be, and is, denied.

IT IS SO ORDERED.


DATED:    February 16, 2006                    s/ Julian Abele Cook, Jr.
          Detroit, Michigan                    JULIAN ABELE COOK, JR.
                                               United States District Judge



Certificate of Service

I hereby certify that on February 16, 2006, I electronically filed the foregoing with the Clerk of the Court using the ECF system, and I further certify that I mailed a copy to the non-ECF participant(s).

                                          s/ Kay Alford
                                          Courtroom Deputy Clerk

5